UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Effat, et al. v. Davol, Inc./C.R. Bard, Inc, et al.*
Case No. 2:20-cv-01079

## OPINION AND ORDER

Plaintiff Therese Effat filed her short-form complaint in this multidistrict litigation ("MDL") on February 27, 2020. (ECF No. 1.) Defendants Davol, Inc. and C.R. Bard, Inc. filed their short-form answer on March 19, 2020. (ECF No. 2.) Consistent with Case Management Order No. 8, Defendant notified Plaintiff of her failure to serve a Plaintiff Profile Form within the proper time period, which led to a meet and confer. (ECF No. 3 at PageID #12; *see generally* No. 18-md-2846, ECF No. 57 at PageID #895–98.) During the meet and confer, Plaintiff's counsel explained that Plaintiff intended to go forward with an identical case against Defendants in Rhode Island. (ECF No. 3 at PageID #12.) The parties agreed to dismiss the case but could not agree on whether the case should be dismissed with or without prejudice. (*Id.* at PageID #12–13.) Accordingly, no stipulated dismissal was filed.

Defendants filed a motion to dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 41, arguing that this is a duplicate case of Plaintiff's Rhode Island action. (*Id.* at PageID #11–12.) Plaintiff contends that a dismissal with prejudice "could conceivably cause other adverse and prejudicial issues in Plaintiff's other filed claim." (ECF No. 6 at PageID

1

#26.) Plaintiff asks that this Court deny Defendants' motion and permit her to file a draft of the parties' stipulated dismissal that dismisses the case without prejudice. (*Id.* at PageID #27.)

Because the point of contention between Plaintiff and Defendants is not whether the case should be dismissed but under what circumstances it should be dismissed, *i.e.* with or without prejudice, the exact nature of Defendants' Rule 41 motion is difficult to determine. Rule 41 provides various avenues for dismissing a case by the plaintiff, the defendant, the parties' agreement, and the Court. Rule 41(a)(1)(A)(i) permits a plaintiff to file a notice of dismissal before a defendant files an answer or a motion for summary judgment and Rule 41(a)(1)(A)(ii) permits the parties to file a signed stipulation of dismissal. Both result in a dismissal without prejudice unless stated otherwise. Fed. R. Civ. P. 41(a)(1)(B). Neither applies here.

This leaves Rule 41(a)(2) and Rule 41(b), but neither is quite a match. Rule 41(a)(2) permits a court to dismiss on a Plaintiff's motion, but Plaintiff has not filed a motion to dismiss without prejudice—though her response brief shows she seeks this outcome. Rule 41(b) permits a defendant to move for the involuntary dismissal when the plaintiff fails to prosecute or comply with the federal rules or a court order. Fed. R. Civ. P. 41(b). But Plaintiff does not resist the dismissal, only a dismissal with prejudice. Whether the Court construes Plaintiff's response as a motion under Rule 41(a)(2) and/or Defendants' motion as one under Rule 41(b), dismissal of the case without prejudice is the most appropriate route.

It is undisputed that Plaintiff does not intend to pursue this case, which suggests that Defendants seek to dismiss under Rule 41(b) for failure to prosecute. The district court has "substantial discretion" is determining whether dismissal under this rule is appropriate. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). At the same time, dismissal with prejudice "is a harsh sanction which the court should only order in extreme situations."

2

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quoting *Schafer*, 529 F.3d at 643); *see also* 9 Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2369, Westlaw (database updated April 2021). The Sixth Circuit considers four factors in reviewing dismissals with prejudice for failure to prosecute, and so the Court considers them here:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Schafer*, 529 F.3d at 737 (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)).

On balance, the factors as applied to this case point toward dismissal without prejudice or are inapplicable because the parties agree that dismissal in general is appropriate. First, there is no indication that Plaintiff's decision to stop prosecuting her case was willful, in bad faith, or due to fault. Within six months of Defendants filing their answer, the parties were working to reach an agreement on the dismissal of this case, and Plaintiff participated in these discussions. Second, Defendants do not claim that they are prejudiced as a result of Plaintiff's present conduct, her failure to prosecute. The remaining two factors are inapplicable because both sides seek dismissal. At bottom, the parties disagree on the terms of the dismissal, not the dismissal itself, and the existence of this disagreement does not warrant so extreme a sanction as dismissal with prejudice under Rule 41(b).

Rule 41(a)(2) arguably provides more useful guidance. This is again a matter committed to the district court's discretion. *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). "The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it 'deems necessary.'" *Id.* (quoting *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009)). The purpose

3

of voluntary dismissal under Rule 41(a)(2), which is typically without prejudice, Fed. R. Civ. P. 41(a)(2), is to "protect the nonmovant . . . from unfair treatment," *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 477 (6th Cir. 2014). Courts consider whether the defendant will suffer "plain legal prejudice" if the court permits voluntary dismissal. *Id.* Plain legal prejudice is not "the 'mere prospect of a second lawsuit.'" *Id.* Rather, it is dismissal "when the law clearly dictates a result for the defendant," such as by stripping the defendant of an absolute defense. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007).

Again, Defendants do not identify any prejudice from a dismissal without prejudice. They argue that Plaintiff could bring another case because a dismissal without prejudice tolls the applicable state statute of limitations. (ECF No. 7 at PageID #32.) This is precisely what plain legal prejudice is not. Defendants do not cite to any other prejudice such as their "effort and expense of preparation for trial" or "insufficient explanation for the need to take a dismissal." *Smith*, 595 F. App'x at 477.

For these reasons, Defendants' motion to dismiss (ECF No. 3) is **DENIED**. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

7-8-2021
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4